# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROY G. HICKS | : |
|    Plaintiff | : |
| v | :     Civil Action No. JFM-03-3644 |
| CASE MANAGER ROACH, *et al.* | : |
|    Defendants | : |

o0o

## MEMORANDUM

Pending in the above-captioned case is defendants' motion for summary judgment. Paper No. 87. The motion, which is the second dispositive motion filed in this case, is opposed by plaintiff. Paper No. 94. Upon review of the papers filed, the court finds that a hearing in this matter is unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the motion for summary judgment shall be granted.

### Background

The allegations raised by plaintiff were previously set forth in detail by this court in its September 22, 2005 memorandum and order. Papers No. 79 and 80. Briefly stated, plaintiff alleges that he has been the subject of attempts on his life by fellow inmates in retaliation for his cooperation in preventing a prison riot; that defendants have failed to protect him from assaults by other inmates; and that he was subjected to excessive use of force. As relief, plaintiff seeks transfer to another prison. Three claims remain pending and are described below.

On September 22, 2005, this court issued a memorandum and order granting in part and denying in part defendants' motion to dismiss or for summary judgment. *See* Papers No. 79 and 80. Summary judgment was granted in favor of defendants regarding plaintiff's claims that threats were made against him while he was incarcerated at Roxbury Correctional Institution (RCI) and Maryland

Correctional Training Center (MCTC) and that he was assaulted by another inmate, Melvin McAllister. *See* Paper No. 79 at p. 13.  The claims left pending include plaintiff's allegation that: he was assaulted by inmate Michael Powell, who was listed as plaintiff's enemy and should not have been permitted access to plaintiff;  he was stabbed in the neck by another inmate at Western Correctional Institution (WCI) and correctional staff failed to take measures to protect him from assault; and Officer Swanger turned his wheelchair over, dumping him on the floor. *Id*.

Summary judgment was denied with respect to the allegation of an assault by Powell because no probative evidence was submitted by defendants to support their assertion that plaintiff never came into contact with Powell. *Id*. at p. 10.  The court noted, however, that there was little to no evidence presented by plaintiff to support his allegation that the assault occurred, and that medical records contemporaneous with the alleged assault had not been submitted. *Id*. at p. 11.  Summary judgment was denied with respect to plaintiff's claim of being stabbed in the neck by another inmate because defendants' assertion that plaintiff's account of the assault and the need for a transfer was not credible was a matter not amenable to disposition on summary judgment. *Id*. at p. 12.  With respect to plaintiff's allegation that defendant Swanger maliciously dumped him out of his wheelchair, the court found a genuine dispute of material fact involving a witness credibility issue which could not be determined on the summary judgment record before it. *Id*. at p. 13.  Finally, the court concluded that insufficient evidence was submitted in support of defendants' affirmative defense that plaintiff had failed to exhaust administrative remedies. *Id*. at p. 8.

Plaintiff opposes the current motion for summary judgment, contending that the court's previous decision constitutes "the law of the case" and may not now be revisited. Paper No. 94.  In essence, plaintiff asserts that defendants should not be permitted to file another motion for summary

judgment when the court has already determined that summary judgment is inappropriate in the case. *Id*. at p. 3, *citing Christianson v. Colt Industries*, 486 U.S. 800, 815 (1988). Defendants claim that the court's decision contemplated another motion for summary judgment upon completion of discovery. Paper No. 97 at p. 2.

Upon consideration of the arguments presented, the court finds that the pending motion for summary judgment is properly before it. The court's earlier decision denying summary judgment was not a final decision subject to appeal. *See Hensley v.Horne*, 297 F.3d 344, 347 (4th Cir. 2002). Summary judgment was denied in part based on the evidence before the court at that time, and the parties were permitted time to engage in discovery. To the extent that additional evidence not presented earlier supports entry of summary judgment thereby avoiding unnecessary litigation, the merits of the motion shall be considered. *See High Country Arts & Craft Guild v. Hartford Fire Insurance Co.*, 126 F. 3d 629, 635 (4th Cir. 1997) (courts have plenary power over interlocutory orders prior to the entry of final judgment).

**Exhaustion of Administrative Remedies**

Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement was explained by the Supreme Court as follows,

> The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. See *Booth v. Churner*, 532 U.S. 731, 739 (2001). All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' *See ibid*.; *see also id.*, at 740, n. 5. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages,

3

> exhaustion is a prerequisite to suit. *See id.*, at 741. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all 'action [s] ... brought with respect to prison conditions,' whether under § 1983 or 'any other Federal law.'

*Porter v. Nussle*, 534 U.S. 516, 524 (2002).

**Analysis**

Defendants raise again the claim that plaintiff has not exhausted administrative remedies with respect to the claims remaining before the court. In support, they have submitted copies of all administrative remedy procedure requests (ARP) filed by plaintiff during the time frame covered by the claims sub judice. Paper No. 87 at Ex. 2. One request, filed on December 8, 2001, days after the alleged assault by Powell, raises a claim that plaintiff's life is in danger, but does not mention the assault.[1] *Id*. at pp. 4– 12. Notably, plaintiff was provided with three opportunities to re-submit the ARP because it was unclear to prison officials what he was claiming. None of the re-submissions mentions an assault by Powell or any other inmate at WCI. *Id*. at pp. 4– 6. Rather, the gravamen of the claim raised by plaintiff in the ARP is his allegation that he cannot be housed safely in the general population of any prison in Maryland and he had heard officers talking about moving him out of protective custody.[2] *Id*. at pp. 7– 12. The claim regarding the Powell assault and defendants' alleged failure to protect plaintiff from a known enemy has not been exhausted and defendants are entitled to summary judgment in their favor.

Plaintiff's claims that he was stabbed in the neck by another inmate and that defendant Swanger pushed him out of his wheelchair also have not been exhausted. None of the ARPs submitted by plaintiff raises either of these claims. Paper No. 87 at Ex. 2. Defendants are

---

[1] None of the remaining 16 ARP requests address the issue either.

[2] This alleged threat has never been acted upon.

accordingly entitled to summary judgment in their favor on these two claims.

## Conclusion

In light of the evidence provided it is clear that the claims raised in the complaint have not been presented through available administrative remedies and must be dismissed for failure to exhaust in compliance with 42 U.S.C. § 1997e(a). A separate order granting defendants' motion for summary judgment follows.


<u>September 14, 2006</u>                                                  /s/                                              
Date                                                                                  J. Frederick Motz
                                                                                          United States District Judge